# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| KENDRA PREGLER,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NLC FINANCIAL SERVICES LLC, d/b/a The Lending Center; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; OCWEN LOAN SERVICING, LLC; and JOHN DOE CORP.,<br><br>Defendants. | Civil No. 09-2428 (JRT/AJB)<br><br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS** |

Colleen M. Daly, **LEGAL AID SOCIETY OF MINNEAPOLIS**, 2929 Fourth Avenue South, Suite 201, Minneapolis, MN 55408; and Michael R. Fargione, **MID-MINNESOTA LEGAL ASSISTANCE**, 430 First Avenue North, Suite 300, Minneapolis, MN 55401-1780, for plaintiff.

Karl L. Cambronne and Gary L. Luloff, **CHESTNUT CAMBRONNE, P.A.**, 17 Washington Avenue North, Suite 300, Minneapolis, MN 55401-2048, for defendants.

On September 8, 2009, plaintiff Kendra Pregler brought this action against defendants First NLC Financial Services, LLC, doing business as The Lending Center ("First NLC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Ocwen Loan Servicing, LLC ("Ocwen"), and John Doe Corp. (collectively, "defendants"), alleging violations of the Truth in Lending Act ("TILA") and seeking to rescind a mortgage loan transaction. On September 22, 2009, Pregler filed an Amended Complaint. On

October 21, 2009, Ocwen and MERS filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Ocwen and MERS argue that Pregler does not have standing to bring this action and, in the alternative, that because Ocwen is a servicer of the mortgage loan, it is exempt from actions brought under the TILA. For the reasons discussed below, the Court denies the motion.

## BACKGROUND[1]

In 1997, Pregler and her then-boyfriend Jory Behrends purchased a residence at 16740 First Avenue East, in Atwater, Minnesota (the "Property"). (Am. Compl. ¶¶ 4, 10, Docket No. 4.) Pregler and Behrends held the property in joint tenancy, and at all relevant times, the Property was Pregler's primary dwelling. (*Id.*) On September 12, 2006, Behrends refinanced the existing first and second mortgages on the Property by entering into a mortgage loan transaction (the "mortgage loan") with First NLC. (*Id.* ¶ 11.) In connection with the mortgage loan, Behrends executed a promissory note payable to and identifying First NLC as the lender, and executed a mortgage to secure payment of the promissory note. (*Id.* ¶¶ 11-13.) Although Pregler was not listed as a mortgagor or borrower in connection with the mortgage loan, Pregler's ownership interest in the Property became subject to the security interest granted to First NLC. (*Id.* ¶ 16; Compl. Exs. A, B, Docket No. 1.) At the time Behrends entered into the mortgage loan transaction, First NLC did not provide to Pregler material disclosures or a Notice of

---

[1] The Court accepts the facts pleaded in the Amended Complaint as true for the purposes of the Rule 12(b)(6) motion to dismiss. *See Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009).

Right to Cancel. (Am. Compl. ¶ 17, Docket No. 4.) Pregler and Behrends later ended their relationship and Behrends moved out of the Property in January 2007. (*Id.* ¶ 25.) Pregler remained in the home with their four children. (*Id.*)

First NLC did not retain ownership of the mortgage loan, but instead "transferred the mortgage and promissory note to another entity on the secondary mortgage market." (*Id.* ¶ 28.) Since September 12, 2006, Ocwen has serviced the mortgage loan and has collected payments from Pregler and Behrends on behalf of and as agent of First NLC and its subsequent assignees. (*Id.* ¶ 29.) MERS is the mortgagee as nominee for the lender and the lender's successors or assigns. (*Id.* ¶ 13.)

In 2008, Pregler fell behind on her mortgage payments and attempted to negotiate a payment arrangement with Ocwen. (*Id.* ¶ 30.) Ocwen refused to assist Pregler because she was not a "mortgagor" on the mortgage loan. (*Id.*) On January 2, 2009, Pregler notified defendants of her decision to rescind the mortgage loan, stating that she was an owner of the Property, but did not receive TILA-mandated disclosures at the time Behrends entered into the mortgage loan transaction in September 2006. (*Id.* ¶ 32.) In the letter notifying defendants of her decision to rescind, Pregler asked Ocwen to provide a complete payment history for the loan and to identify assignees of the mortgage and the current owner of the promissory note. (*Id.* ¶ 33.) Ocwen has refused to disclose the identity of the current holder of the promissory note. (*Id.* ¶ 34.)

On September 8, 2009, Pregler brought this action against defendants alleging violations of the TILA for failure to provide her with material disclosures at the time of the closing of the mortgage loan transaction, and seeking rescission under the TILA. (*See*

Compl., Docket No. 1; Am. Compl. ¶¶ 39-51, Docket No. 4.) Ocwen and MERS filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that Pregler does not have standing to bring this action under the TILA. In the alternative, Ocwen argues that the Court should dismiss Ocwen from the case under Rule 12(b)(6) because, as servicer of the loan, Ocwen is exempt under the TILA.

## DISCUSSION

### I. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims. *Uland v. City of Winsted*, 570 F. Supp. 2d 1114, 1117 (D. Minn. 2008). Under Article III, § 2, of the Constitution, federal courts cannot exercise judicial power unless there is an actual case or controversy. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). The "case-or-controversy requirement is satisfied only where a plaintiff has standing. And in order to have Article III standing, a plaintiff must adequately establish: (1) an injury in fact (*i.e.*, a 'concrete and particularized' invasion of a 'legally protected interest'); (2) causation . . . ; and (3) redressability[.]" *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 128 S. Ct. 2531, 2535 (2008) (citation omitted).

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See, e.g.*, *Bhd. of Maint. of Way Employees v.*

*Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001) (per curiam).  To survive a motion to dismiss, however, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility," and therefore, must be dismissed.  *Id.* (internal quotation marks omitted).

## II. STANDING

Ocwen argues that Pregler lacks standing to bring this action because Pregler is not a debtor on the mortgage loan and therefore cannot claim that defendants violated her legally protected rights.  (Ocwen's Mem. in Supp. of Mot. to Dismiss at 2-3, Docket No. 8.)

Under the TILA, a consumer has a continuing right to rescind for up to three years after consummation of a transaction if a party fails to provide a Notice of Right to Cancel or make material disclosures in conformity with TILA requirements.  15 U.S.C. § 1635(a), (f); 12 C.F.R. § 226.23(a)(3).  Regulation Z provides: "In a credit transaction

in which a security interest is or will be retained or acquired in a **consumer**'s principal dwelling, each **consumer** whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction[.]" 12 C.F.R. § 226.23(a)(1) (emphasis added). For the purposes of rescission, a "consumer" "includes a natural person in whose principal dwelling a security interest is or will be retained or acquired, if that person's ownership interest in the dwelling is or will be subject to the security interest." *Id.* § 226.2(a)(11).

Pregler fits the definition of "consumer" for the purposes of a rescission claim under the TILA. Prior to Behrends' execution of the mortgage loan transaction, Pregler owned the home in joint tenancy with Behrends and the Property was Pregler's principal dwelling. When Behrends granted the mortgage to First NLC in September 2006, Pregler's ownership interest in the Property became subject to that security interest. As a consequence, Pregler had the right to rescind the mortgage loan transaction and First NLC should have advised her of that right.

Pregler also has an express right of action under the TILA and Regulation Z. Contrary to Ocwen's argument, one need not be a "debtor" to bring a suit under the TILA. Rather, "any creditor who fails to comply with any requirement imposed under [15 U.S.C. § 1635] . . . with respect to **any person** is liable **to such person**." 15 U.S.C. § 1640(a) (emphasis added).

Pregler has standing to bring this action and, accordingly, the Court denies Ocwen's motion to dismiss under Rule 12(b)(1).

### III. OCWEN IS A NECESSARY AND PROPER PARTY

Ocwen argues that because it is only the servicer of the mortgage loan, and not the "assignee" or "owner" of the loan, it cannot be held liable for violations of the TILA as a matter of law. Generally, "[a] servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of [the TILA] unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f). Pregler argues, however, that even if Ocwen is not an assignee or owner, the Court should deny Ocwen's motion because Ocwen is a necessary party to the litigation. Pregler also argues that there is no basis for Ocwen's contention that it is exempt from a TILA action.

Under Rule 19(a), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Pregler argues that Ocwen is a necessary and proper party because (1) Ocwen has refused to identify the current owner and assignee of the promissory note and Ocwen should not be dismissed until the current owner is identified; (2) Ocwen has been involved in the decisions regarding the rescission of the mortgage loan and Ocwen's presence in the litigation is therefore necessary to ensure that Pregler may obtain complete relief; and (3) Ocwen may be the only party that can account for monies paid by Pregler pursuant to the mortgage loan, and if the Court determines that Pregler has a right to rescission, Ocwen must be a party to the litigation so that the Court may prevent it from continuing efforts to collect mortgage payments,

reporting her as delinquent to credit bureaus, and initiating foreclosure proceedings. (*See* Mem. in Opp'n to Defs.' Mot. to Dismiss at 7-14, Docket No. 11.) The Court concludes that Ocwen should not be dismissed from the case at this time.

First, other courts have denied defendant-servicers' motions to dismiss when it is unclear who the current loan holder is. *See Meyer v. Argent Mortgage Co., LLC* (*In re Meyer*), 379 B.R. 529, 551-54 (Bankr. E.D. Pa. 2007); *Williams v. Saxon Mortgage Servs., Inc.*, No. 06-0799-WS-B, 2007 WL 3124470, at *3 (S.D. Ala. Oct. 25, 2007). Ocwen's refusal to identify the current holder of the promissory note precludes Ocwen's dismissal from the case at this time.

Second, Ocwen is a proper defendant in its own right at this stage of the litigation. Ocwen engaged in discussions with Pregler about her past due payments and notification of rescission, and Ocwen represented that its lawyer served as counsel for the current holder of the promissory note. In a letter responding to Pregler's notice of rescission, Ocwen's counsel stated, "**our records** indicate that your client is not a borrower on the Loan . . . . Thus, **my clients** do not have any basis to rescind the Loan and therefore reject your client's request." (Compl. Ex. E, Docket No. 1 (emphasis added).) Here, Ocwen's letter denying Pregler's request to rescind the loan "could support a reasonable inference that [Ocwen] is, at least in part, responsible for decisions regarding rescission of the transaction. Assuming the allegations in the [Amended] Complaint to be true," Pregler has asserted a plausible claim for relief against Ocwen. *Cf. Smith v. Argent Mortgage Co., LLC*, 447 F. Supp. 2d 1194, 1199 (D. Colo. 2006) (applying a pre-*Iqbal* standard of review for motions to dismiss). Ocwen's role in the present dispute is not entirely clear,

but Ocwen was involved in discussions with Pregler about her ability to rescind. As a result, dismissal of Ocwen likely would be premature. Dismissal would also not be warranted if discovery were to demonstrate that Ocwen played a significant role in the decision to deny Pregler's request for rescission. *See id.*

Third, Ocwen's continued participation in the litigation may be necessary to afford Pregler complete relief if it is ultimately determined that Pregler has the right to rescind the mortgage loan transaction. If the Court allows Pregler to rescind the mortgage loan transaction, Pregler will be entitled to all money paid in connection with the transaction, the security interest in the Property will be void, and Pregler will no longer be liable for costs and fees associated with the transaction. *See* 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d). "[D]ismissing [Ocwen] could impair [Pregler's] ability to fully protect . . . her interest in rescinding the loan because [Ocwen] could properly report to credit bureaus or foreclose on the loan." *Miranda v. Universal Fin. Group, Inc.*, 459 F. Supp. 2d 760, 765-66 (N.D. Ill. 2006)). Dismissal is therefore not appropriate at this time.

Accordingly, the Court denies without prejudice Ocwen's motion to dismiss. Discovery may ultimately demonstrate that Ocwen is not a necessary or proper party, but until that stage of the litigation, dismissal is not warranted.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that defendants Ocwen Loan Servicing, LLC and Mortgage

Electronic Registration Systems, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(1) [Docket No. 6] is **DENIED**.

DATED: September 7, 2010                 ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                      JOHN R. TUNHEIM
                                                   United States District Judge